IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Teko Washington, | ) | C/A NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER TO AMENDED COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| W.B. Benton, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, by and through the undersigned legal counsel, does hereby timely and properly Answer the Plaintiff's Amended Complaint (herein referred to as "Complaint" and/or "Amended Complaint") as follows:

1.    Defendant denies each and every allegation of the Plaintiff's Amended Complaint not hereinafter specifically admitted, qualified or explained.

2.    Defendant is without sufficient knowledge or information sufficient to form a belief about each and every allegation of the Plaintiff's Amended Complaint. Consequently, each and every allegation of the Plaintiff's Amended Complaint is denied.

FOR A FIRST AFFIRMATIVE DEFENSE
(Qualified Immunity)

3.    The Defendant's acts, conduct, and/or omissions did not violate the Plaintiff's clearly established statutory or constitutional rights and were reasonable under settled law. Therefore, the Defendant is entitled to qualified immunity from suit.

FOR A SECOND AFFIRMATIVE DEFENSE
(Eleventh Amendment Immunity)

4.    To the extent that the Plaintiff is asserting claims against the Defendant in any official capacity, he is immune from suit by virtue of the Eleventh Amendment to the United States Constitution.

## FOR A THIRD AFFIRMATIVE DEFENSE
### (No Legal Basis for any Award of Punitive Damages)

5.      At no time were the Defendant's alleged actions, conduct or omissions motivated by evil motive or intent and/or reckless or callous indifference to the Plaintiff. As well, any award of punitive damages against the Defendant is violative of both the United States Constitution and the South Carolina Constitution. Accordingly, any award of punitive damages is not proper in this case.

## FOR A FOURTH AFFIRMATIVE DEFENSE
### (Constitutionality)

6.      That the acts, conduct, and/or omissions, complained of by the Plaintiff were constitutional.

## FOR A FIFTH AFFIRMATIVE DEFENSE
### (Objective Reasonableness)

7.      That the Defendant's acts, conduct, and/or omissions were objectively reasonable.

## FOR A SIXTH AFFIRMATIVE DEFENSE
### (Justification)

8.      That the acts, conduct, and/or omissions of the Defendant were legally justified.

## FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Plaintiff's Sole Negligence/Comparative Negligence)

9.      Plaintiff's injuries and damages alleged were due to and proximately caused by the Plaintiff's sole, primary, and/or contributing negligence, gross negligence, willfulness, and/or wantonness. The Plaintiff's claims are, therefore, barred in their entity.  Alternatively, the Plaintiff's recovery, if any, should be reduced in proportion to his negligence, gross negligence, willfulness, and/or wantonness.

## FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Heck v. Humphrey)

10.      Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny, since recovery in the instant action would necessarily imply the invalidity of any underlying criminal conviction.

## FOR A NINTH AFFIRMATIVE DEFENSE
### (No Deprivation of a Constitutional Right)

11.    Plaintiff's claims do not rise to the level of a deprivation of a constitutional right.

## FOR A TENTH AFFIRMATIVE DEFENSE
### (No Actual Injury)

12.    Plaintiff suffered no actual injury as a result of the claims alleged.

## FOR A ELEVENTH AFFIRMATIVE DEFENSE
### (The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), Precludes the Bringing of a Civil Action by a Prisoner for Mental or Emotional Injury)

13.    The Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), precludes the bringing of a civil action by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

## FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

14.    Plaintiff's claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

15.    Any alleged injuries of the Plaintiff were not directly and proximately caused by any acts, conduct, and/or omissions of the Defendant.

## FOR A FOURTEENTH AFFIRMATIVE DEFENSE
### (Natural Disease Process)

16.    Any alleged medical condition of the Plaintiff was a direct and proximate result of a natural disease process.

## DEMAND FOR JURY TRIAL

17.    Defendant requests a jury trial as to all genuine issues of material fact, should any exist.

WHEREFORE, having fully Answered the Plaintiff's Amended Complaint herein, Defendant prays that this Honorable Court deny the relief requested by the Plaintiff, dismiss this action in its entirety, enter judgment in his favor, award him all reasonable attorney's fees and costs, and grant such other and further relief as this Honorable Court deems proper.

WILLCOX, BUYCK & WILLIAMS, P.A.

By:    s/ J. Scott Kozacki
       J. Scott Kozacki
       PO Box 1909
       Florence, SC 29503-1909
       (843) 662-3258 - Tel
       (843) 662-1342 - Fax
       skozacki@willcoxlaw.com
       ATTORNEY FOR THE DEFENDANT

August 4, 2016
Florence, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Teko Washington,                          )    C/A NO.
                                          )
                   Plaintiff,             )
                                          )
        vs.                               )    CERTIFICATE OF SERVICE
                                          )
W.B. Benton,                              )
                                          )
                   Defendants.            )
_____   )

     I, the undersigned, an employee of the law office of Willcox, Buyck & Williams, P.A., as attorneys for the Defendants, do hereby certify that I have served Defendant's Answer to Amended upon the Plaintiff by depositing the same in the U.S. Mail in an envelope, sufficient postage prepaid, addressed as follows:

J. Christopher Mills, Esq.
Post Office Box 8475
Columbia, SC 29250
Attorney for Plaintiff

                                     s/J. Scott Kozacki
                                       J. Scott Kozacki

August 4, 2016
Florence, South Carolina